UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS DWYER, | : | CIVIL ACTION NO. |
| Petitioner, | : | 3:16-CV-907 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | NOVEMBER 14, 2016 |
| | : | |

**RULING RE: PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DOC. NO. 1) AND MOTION TO APPOINT COUNSEL (DOC. NO. 2)**

I.   INTRODUCTION

Petitioner Marcus Dwyer ("Dwyer"), pro se, moves to vacate, set aside, or correct his sentence pursuant to section 2255 of title 28 of the United States Code.  See Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1).  Dwyer also seeks counsel to be appointed so that he might pursue resentencing under Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016).[1]  See Motion to Appoint Counsel (Doc. No. 2).

On May 13, 2013, Dwyer pled guilty to a one-count Indictment charging him with bank robbery in violation of section 2113(a) of title 18 of the United States Code.  See Plea Agreement (Case No. 12-cr-195, Doc. No. 110-3) at 1.  The Presentence Report found, inter alia, that Dwyer's offense level should be increased four levels for the purposes of the United States Sentencing Guidelines calculation, because a dangerous weapon was used.  See Presentence Report (Case No. 12-cr-195, Doc. No. 110) ¶ 33.

---

[1] Welch held that Johnson had retroactive effect on collateral review.  See 136 S. Ct. at 1265.

1

The court adopted the findings in the Presentence Report.  On September 4, 2013, the court sentenced Dwyer to 188 months in prison for bank robbery in violation of section 2113(a) of title 18 of the United States Code.  See Judgment (Doc. No. 1-1).  This 188-month sentence was at the bottom of the applicable sentencing guidelines range.  See Presentence Report ¶ 93.

Dwyer claims that his sentence should be corrected under Johnson because bank robbery is not categorically a crime of violence.  See Petition at 4.  Specifically, Dwyer argues that his offense level increase for use of a firearm should be vacated.  See Id. at 4.  The Government argues that Dwyer's Petition should be denied because (1) Dwyer was not sentenced under the Armed Career Criminal Act, the only statute to which Johnson applies, and (2) Dwyer waived his right to collateral attack of his sentence.  See Response (Doc. No. 6) at 1–2.

For the reasons set forth below, Dwyer's Motion to Appoint Counsel (Doc. No. 2) is **DENIED** and his Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is also **DENIED**.

## II.  DISCUSSION

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted).  Relief under section 2255 of title 28 of the United States Code is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete

miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks omitted). Further, in a section 2255 motion, the petitioner bears the burden of proving he is entitled to relief by a preponderance of the evidence. See Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011).

The Johnson Supreme Court decision applies to incarcerated people who had their sentences increased under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). See 135 S. Ct. 2551, 2563 (2015). Dwyer does not allege that he was sentenced under ACCA, nor as a career offender. See Petition at 4. Furthermore, there is nothing on the record in this case or in Dwyer's criminal case to suggest that Dwyer was sentenced under ACCA, or under any provision of the United States Sentencing Guidelines that might have been affected by Johnson, such as the Career Offender provision, U.S.S.G. § 4B1.1–4B1.2(a)(2). See, e.g., Presentence Report at 3–20; Plea Agreement at 1–4. Because he was not sentenced under ACCA, nor any Guidelines provision that might have been affected by Johnson, Dwyer is not eligible for habeas relief under Johnson. The court thus need not consider whether Dwyer also waived his right to collateral attack of his sentence.

There is no constitutional right to counsel in a non-capital habeas proceeding. See United States v. Yousef, 395 F.3d 76, 77 (2d Cir. 2005). However, the court has the power to appoint representation in a 2255 case whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). To determine whether the interests of justice require the appointment of counsel, the court considers, inter alia, the petitioner's likelihood of success on the merits. See, e.g., Petrie v. United States, No. 5:11-CR-271 (NAM), 2015 WL 12696069, at *9 (N.D.N.Y. June 29, 2015); United States

v. Brown, 2014 WL 3738062, at *6 (D.Conn. July 30, 2014).  Here, where Dwyer's Petition is plainly without merit, the court declines to appoint counsel.

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES** Dwyer's Motion to Appoint Counsel (Doc. No. 2) and **DENIES** Dwyer's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1).  Because Dwyer has not made a "substantial showing" of denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).  The Clerk is hereby directed to close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 14th day of November, 2016.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge